J-S25035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                          :
              v.                        :
                                          :
                                          :
LARRY WILSON,                      :
                                          :
              Appellant       :     No. 310 EDA 2025

Appeal from the PCRA Order Entered December 23, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002838-2003

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED AUGUST 28, 2025**

Appellant, Larry Wilson, appeals *pro se* from the post-conviction court's

December 23, 2024 order dismissing, as untimely, his petition filed under the

Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's case are not necessary to our

disposition of his instant appeal.  We need only note that on October 30, 2003,

a jury convicted Appellant of several offenses, including first-degree murder,

stemming from evidence that he stabbed a man in the neck, resulting in the

victim's death.  On December 21, 2003, Appellant was sentenced to a

mandatory term of life imprisonment, without the possibility of parole.  We

affirmed his judgment of sentence on September 22, 2005, after which our

Supreme Court denied his petition for allowance of appeal on May 1, 2007.

***See Commonwealth v. Wilson***, 888 A.2d 13 (Pa. Super. 2005) (unpublished

memorandum), *appeal denied*, 923 A.2d 411 (Pa. 2007).  The United States

Supreme Court denied Appellant's petition for writ of *certiorari* on October 9, 2007. *See Commonwealth v. Wilson*, 552 U.S. 954 (2007).

Appellant thereafter litigated his first, timely PCRA petition. That petition was ultimately denied by the PCRA court and, after this Court affirmed on appeal, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Wilson*, 106 A.3d 155 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 108 A.3d 36 (Pa. 2015). Appellant also unsuccessfully litigated a petition for writ of *habeas corpus* in federal court.

On August 8, 2024, Appellant filed the *pro se* PCRA petition underlying the instant appeal. On November 8, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, on the basis that it was untimely. Appellant did not respond, and on December 23, 2024, the PCRA court issued an order dismissing his petition.

Appellant filed a timely, *pro se* notice of appeal.[1] That same day, Appellant filed a *pro se* statement of errors complained of on appeal pursuant

---

[1] Appellant's *pro se* notice of appeal was not docketed by the trial court until January 27, 2025, which was beyond 30 days after the entry of the court's order dismissing his petition. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Accordingly, on April 9, 2025, this Court issued a rule to show cause why Appellant's appeal should not be quashed as untimely. On April 23, 2025, Appellant filed a *pro se* response, claiming that he mailed the notice of appeal on January 21, 2025, which would make it timely under the prisoner mailbox rule. *See* Pa.R.A.P. 121(f) ("A *pro se* filing
*(Footnote Continued Next Page)*

- 2 -

to Pa.R.A.P. 1925(b). The PCRA court thereafter issued a Rule 1925(a) opinion, stating it was relying on the rationale set forth in its Rule 907 notice in support of its decision to dismiss Appellant's petition as untimely. *See* PCRA Court Opinion, 3/24/25, at 5.

Herein, Appellant raises one issue for our review:

> Did the PCRA court err in its failure to grant/conduct an evidentiary hearing where there is a consitutional [*sic*] need to extend the records for an adequate appellate evaluation of one

_____

submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."); ***Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule means "that, for prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system"). In support, Appellant claimed to have attached a "Pennsylvania Department of Corrections Cash Slip dated January 21, 2025." Response, 4/23/25, at 1 (unnumbered). However, the document attached to Appellant's response, which was a "Proof of Service" listing the Bucks County Clerk of Courts and District Attorney's Office, did not bear any date on the "Date Served" line. ***See id.*** at 2 (unnumbered). On April 29, 2025, this Court discharged the rule to show cause and deferred the issue of the timeliness of Appellant's appeal to the merits panel.

We now deem this *pro se* appeal as timely. Notably, this Court cannot locate Appellant's *pro se* notice of appeal in the certified record, and the copy of the notice of appeal that was transmitted to this Court does not include the envelope in which the notice was sent for us to discern the date on which Appellant's notice of appeal was mailed from the prison. The Commonwealth maintains that, because Appellant "dated his [n]otice of [a]ppeal January 21, 2025, and … there is no reason to question the validity of that date, the instant notice of appeal is timely pursuant to the prisoner[] mailbox rule." Commonwealth's Brief at 5 (citation omitted). Given these circumstances, we will consider Appellant's notice of appeal as having been deposited with prison authorities for mailing on January 21, 2025, making it timely-filed under the prisoner mailbox rule.

who has clearly shown a *prima facie* showing for his legal and/or factual innocence of the crime of first[-]degree murder, and his eligibility for a reduced charge of third[-]degree murder?

Appellant's Brief at 2.

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In this case, Appellant's judgment of sentence became final on October 9, 2007, when the United States Supreme Court denied his petition for writ of *certiorari*. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Thus, his instant petition filed in 2024 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove he meets one of the above-stated timeliness exceptions.

Appellant fails to meet this burden. In his brief to this Court, Appellant raises claims of ineffective assistance of counsel. Specifically, he claims that his trial counsel was ineffective for not properly investigating whether Appellant's "Dandy Walker Syndrome had any impact on Appellant's state of mind" for purposes of presenting a diminished capacity defense. Appellant's Brief at 13. He also claims that his initial PCRA counsel, and his counsel in his federal *habeas* proceedings, were ineffective for not presenting this trial-counsel-ineffectiveness claim. ***See id.*** at 22-26. Appellant does not explain what timeliness exception his ineffectiveness claims meet, and "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome

the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

Appellant seems to believe that his allegations of ineffectiveness, along with his pleading of "actual innocence[,]" constitute "a miscarriage of justice" that permits us to overlook the untimeliness of his petition. Appellant's Brief at 28. However, this Court has made clear that "the courts of Pennsylvania will only entertain a 'miscarriage of justice' claim **when the initial timeliness requirement is met**." ***Commonwealth v. Burton***, 96 A.2 521, 527 (Pa. Super. 2007) (emphasis added) (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)). In other words, "there is no 'miscarriage of justice' … exception to the time requirements of the PCRA." ***Id.*** (citing ***Fahy***, 737 A.2d at 223). Additionally, assertions of actual innocence cannot circumvent the PCRA's timeliness requirements. ***See Commonwealth v. Brown***, 143 A.3d 418, 420-21 (Pa. Super. 2016) (declining to construe federal *habeas corpus* case law, which permits a federal petitioner to overcome the federal *habeas corpus* statute of limitations with an actual innocence claim, as creating an additional exception to the PCRA's timeliness requirements).

Accordingly, Appellant cannot invoke this Court's jurisdiction by arguing that the ineffectiveness of his prior attorneys, and/or his assertion of actual innocence, amounts to a miscarriage of justice that overcomes the untimeliness of his PCRA petition. As he has not met his burden of pleading and proving the applicability of one of the timeliness exceptions set forth in

section 9545(b)(1)(i)-(iii), the PCRA court did not err in dismissing his untimely petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/28/2025